UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN FOOD SYSTEMS, INC., OLD ANDOVER RESTAURANT, INC. d/b/a GRASSFIELD'S FOOD & SPIRIT; OLD WALTHAM RESTAURANT, INC. d/b/a GRASSFIELD'S FOOD & SPIRIT; OLD ARLINGTON RESTAURANT, INC.; d/b/a JIMMY'S STEER HOUSE; OLD SAUGUS RESTAURANT, INC. d/b/a JIMMY'S STEER HOUSE; OLD SHREWSBURY RESTAURANT, INC., d/b/a JIMMY'S TAVERN & GRILL; OLD LEXINGTON RESTAURANT, INC. d/b/a MARIO'S ITALIAN RESTAURANT,,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, and ALLIANZ GLOBAL RISKS UNITED STATES INSURANCE COMPANY,<br><br>    *Defendants*. | Case No. 1:20-cv-11497 |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' COMPLAINT AS TO IMPROPER DEFENDANT**

Defendants Fireman's Fund Insurance Company ("Fireman's") and Allianz Global Risks United States Insurance Company ("AGR") (collectively, the "Defendants") respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Defendants request that this Court dismiss AGR as an improper defendant. In support of this Motion, and as set forth more fully in the Memorandum in Support filed concurrently, Defendants state that (1) Plaintiffs' breach of contract claim should be dismissed for failure to

state a claim because Plaintiffs allege no facts which, if taken as true, demonstrate physical loss or damage necessary to trigger coverage; (2) Plaintiffs' bad faith claim should be dismissed for failure to state a claim because it was objectively reasonable for Fireman's to deny Plaintiffs' claim absent coverage; (3) Plaintiffs' Mass. Gen. Laws ch. 176D claim should be dismissed for failure to state a claim because the statute does not provide a private right of action; and (4) Plaintiffs' Mass. Gen. Laws ch. 93A claim should be dismissed for failure to state a claim because Plaintiffs' fail to allege Defendants engaged in unfair or deceptive practices. Alternately, Defendants state that AGR should be dismissed because it is not party to the insurance policy in dispute.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss or, in the alternative, to dismiss AGR as a Defendant.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.1(d) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants respectfully request oral argument on the present Motion.

Dated: December 24, 2020

By their attorneys,

DLA PIPER LLP (US)

By: */s/ Bruce Falby*
Bruce Falby (BBO No. 544143)
Jamie Kurtz (BBO No. 703588)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*facsimile*)
*bruce.falby@dlapiper.com*
*jamie.kurtz@dlapiper.com*

*Counsel for Fireman's Fund Insurance Company and Allianz Global Risks United States Insurance Company*

## RULE 7.1 CERTIFICATE

Pursuant to Rule 7.1(a)(2) of the Local Rules for the United States District Court for the District of Massachusetts, counsel for the Defendants certifies that they have conferred with counsel for Plaintiffs and have attempted in good faith to narrow or resolve the issues addressed by this Motion.

/s/ *Bruce Falby*

## CERTIFICATE OF SERVICE

I, Bruce Falby, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on December 24, 2020.

/s/ *Bruce Falby*